# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELVA RODRIGUEZ, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| GC SERVICES LIMITED PARTNERSHIP; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, NELVA RODRIGUEZ, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney(s), alleges against the above-named Defendants, GC SERVICES LIMITED PARTNERSHIP ("GC SERVICES"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Passaic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. GC SERVICES maintains a location at 6330 Gulfton, Houston, Texas 77081.

8. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from GC SERVICES concerning a debt owned by DEPARTMENT STORES NATIONAL BANK, which included the alleged conduct and practices described herein.

   The class definition may be subsequently modified or refined.

   The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

        15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

  b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to November 6, 2017, Plaintiff allegedly incurred a financial obligation to DEPARTMENT STORES NATIONAL BANK ("DSNB").

16. The DSNB obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the DSNB obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the DSNB obligation for business purposes.

19. The DSNB obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. DSNB is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before November 6, 2017, DSNB referred the DSNB obligation to GC SERVICES for the purpose of collections.

22. At the time DSNB referred the DSNB obligation to GC SERVICES, the obligation was past due.

23. At the time DSNB referred the DSNB obligation to GC SERVICES, the obligation was in default.

24. Defendants caused to be delivered to Plaintiff a letter dated November 6, 2017, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

25. The November 6, 2017 letter was sent to Plaintiff in connection with the collection of the DSNB obligation.

26. The November 6, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. The November 6, 2017 letter is the initial written communication sent from Defendant to the Plaintiff.

28. Upon receipt, Plaintiff read the November 6, 2017 letter.

29. The November 6, 2017 letter provided the following information regarding the balance claimed due on the DSNB obligation:

    New Balance: $371.80
    Minimum Payment Due: $371.80

30. The November 6, 2017 letter stated in part:

    We are writing to let you know that your account with DEPARTMENT STORES NATIONAL BANK, with a new balance of $371.80, has been referred to us.

    This letter shows your minimum payment currently due.

> *As of the date of this letter, you owe $371.80. Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.*

31. As of October 2017, DSNB had reported to one or more national credit reporting agencies that the balance due on the DSNB obligation was $371.

32. The total balance alleged to be due on the DSNB obligation did not increase from October 2017 "because of interest, late charged and other charges that may vary from day to day."

33. From October 2016 through November 6, 2017 the total balance alleged to be due on the DSNB obligation did not increase "because of interest, late charges, and other charges that may vary from day to day."

34. DSNB never authorized GC SERVICES to charge or add interest to the balance of the DSNB obligation.

35. DSNB never authorized GC SERVICES to add interest, late charges or other charges to the balance of the DSNB obligation.

36. At no time was GC SERVICES authorized by DSNB to charge or add interest to the balance of the DSNB obligation.

37. GC SERVICES was not permitted by DSNB to add interest, late charges or other charges to the balance of the DSNB obligation.

38. As some time prior to November 6, 2017, DSNB ceased charging or adding interest to the balance of the DSNB obligation.

39. As some time prior to November 6, 2017, DSNB ceased adding interest, late charges or other charges to the balance of the DSNB obligation.

## POLICIES AND PRACTICES COMPLAINED OF

40. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Making a false representation of the character, amount legal status of the debt.

41. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

42. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

43. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44. Defendant's November 6, 2017 letter would lead the least sophisticated consumer to believe that Defendant stated that the amount due could increase due to additional interest, late charges or other charges.

45. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

46. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the DSNB obligation would increase.

47. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the DSNB obligation would increase due to interest, late charges or other charges.

48. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the DSNB obligation would increase.

49. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the DSNB obligation would increase due to interest, late charges or other charges.

50. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the DSNB obligation would increase due to interest, late charges or other charges.

51. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance would increase due to interest, late charges and other charges.

54. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

55. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

56. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

57. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance would increase due to interest, late charges and other charges.

58. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest, late charges or other charges.

59. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

60. Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could increase due to additional interest, late charges or other charges when in fact the amount due would not and did not increase.

61. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due because of additional interest, late charges and other charges when in fact the amount due would not and did not increase.

62. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

63. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase..

64. Defendants' representation that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

65. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

66. Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase due to additional interest or other charges when in fact the amount due could not and did not increase.

67. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

72. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

73. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 16, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 16, 2018

                                               *s/ Joseph K. Jones*
                                               Joseph K. Jones, Esq.

# Exhibit

# A

CDGCSV70  057
PO Box 930824
Wixom MI 48393-0824
RETURN SERVICE REQUESTED

**GC Services Limited Partnership**

Please call: 866-804-3919
Calls may be monitored or recorded

November 6, 2017

CORRESPONDENCE AND PAYMENT MAILING ADDRESS:

|ı|ıı|ı|ı|ı||ı||ı||ı|ı||ı|ı|ı|ıı|ı|ıııı|ıı|ıı||ı|ıı|ı|ıı||ıı||ıı||ı||ı
Nelva/Rab Rodriguez

**PO BOX 3855
HOUSTON TX 77253**

---

| YOU OWE: DEPARTMENT STORES NATIONAL BANK | GC NUMBER: 0607 |

***PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT***

November 6, 2017

File Number: 293
Client Account Number: **ENDING 4140**
New Balance: **$371.80**
Minimum Payment Due: **$371.80**

**RE: MACY'S**

Dear NELVA/RAB RODRIGUEZ,

We are writing to let you know that your account with DEPARTMENT STORES NATIONAL BANK, with a new balance of $371.80, has been referred to us.

This letter shows your minimum payment amount currently due. If you are making a payment, please send us your payment using the enclosed envelope, and, if paying by check, make your check payable to "DEPARTMENT STORES NATIONAL BANK".

We are here to work with you to find a mutually agreeable solution. We invite you to contact us so that we can discuss your particular financial circumstances, as well as opportunities our client may have available for you. Please contact us at 866-804-3919 to discuss payment options that may be available to you on your account.

We look forward to helping you resolve your account. Thank you.

Sincerely,

Douglas Kemp
Account Representative

If you would prefer, you can make a payment on your account using a debit card by going to our website at www.gcpayonline.com or calling us at 844-694-2080. Use the following number to identify yourself when prompted:

\* As of the date of this letter, you owe $371.80. Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**NOTICE:** SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

GC Services Limited Partnership – 6330 Gulfton, Houston, TX 77081
0185-01      CITIB-CDP1      865117309010607      40916558